DECISION
The Petitioners served notice of depositions on various employees of the Town of West Warwick pursuant to Rule 26 of the Super. R.Civ.P. The Town objects, noting that there is no pending lawsuit filed by any of the Petitioners. Arguing that Rule 26's use of the term "parties" limits that Rule's applicability to actual complaints, the Town submits that there is no authority in the Rule allowing any discovery on a Miscellaneous Petition in advance of filing a lawsuit. Though the Town notes that Rule 27(a) allows depositions before an action is filed, such depositions must be in accord with State statutes, specifically R.I.G.L. § 9-18-12. The Town claims that because the Petitioners did not seek leave of court before filing the notice of depositions or serving the subpoenas, the subpoenas should be quashed.
The Town argues further that even if the Petitioners now seek leave of court to conduct discovery prior to filing suit, such request should be denied because § 9-18-12 of the R.I. General Laws contains nothing that permits discovery in any way beyond such testimonial parameters or operates as a substitute for discovery, and the Petitioners here seek depositions as a substitute for discovery. The Town anticipates that the Petitioners will rely on Rule 11 of the Super. R.Civ.P. and state that a compelling reason to allow discovery in advance of filing suit concerns the need to gather facts to determine potential defendants, but that this reasoning is meritless because there is little question that the Town will be made a defendant. Also, the Town submits that for the Petitioners to subpoena the documents to check their accuracy is not a compelling reason for this Court to entertain what is essentially a bill of discovery. Additionally, the Town notes that the information can be reviewed by non-discovery means pursuant to public access requests.
The Petitioners maintain that the depositions are merely records depositions and are not intended to initiate a substantive discussion into the merits of the case. They state that the depositions are neither to establish the liability of the Town nor to perpetuate testimony under Rule 27, but to get a sense of when events happened and to ascertain the names of installers, contractors, manufacturers, and the like. The Petitioners also refer to the Preliminary Case Management Order of May 19, 2003, specifically paragraph 6, which they believe authorizes them to issue subpoenas because the order provides for the initiating and coordinating of pre-filing discovery. The Petitioners add that if they are incorrect in their interpretation of this Order, they now seek such permission. The Petitioners also argue that they are parties for the purposes of Rule 26 because as potential plaintiffs they satisfy this technical issue. Furthermore, the Petitioners contend that they do not seek to satisfy Rule 11, as the Town anticipates, but rather want to identify all culpable defendants through records that it claims the Town has represented it has made available.
The Town next argues that the serving of discovery depositions and accompanying subpoenas prior to the institution of any discovery plan is premature and undermines any effort to avoid duplicative discovery because there is no order in place that addresses the manner in which all of the potential plaintiffs and defendants will conduct discovery. Therefore, the Town maintains, any potential plaintiff could serve the same notices of depositions and accompanying subpoenas on the Town. The Town asserts that permitting this discovery without a discovery plan will engender further questions, such as whether the Town would be allowed to send deposition notices to potential defendants for cross-claim purposes or whether the Court would entertain the Town's deposition notice of the nightclub owners. Without a discovery plan in effect, the Town is concerned that allowing the Petitioners to conduct this discovery will create chaos in this complex litigation matter. Therefore, the Town urges this Court to issue a pre-trial order of discovery before any discovery is compelled.
Moreover, the Town states that any cases in which it is served as a defendant will be removed to federal court. The Town argues that until any jurisdictional challenges are resolved, it would be inappropriate for this Court to allow any discovery or engage in discussions concerning an ultimate discovery plan. Therefore, the Town requests a stay until dispositive issues have been decided and until jurisdictional challenges have been resolved. Otherwise, the Town maintains, potential defendants would be denied the right to challenge and address discovery issues in federal court. The Town suggests a pre-trial plan, including discovery that will be applicable to both this Court and the federal court while the jurisdictional issue is ongoing.
The Petitioners discount the Town's argument that chaos will result if this discovery is allowed. They assure that there will be no independent requests for the records they collectively seek, that the records will be made available to whomever wants them, and there will be no attempts to seek other records without first asking the Court's permission.
Section 8-6-2(a) of the R.I. General Laws authorizes the Superior Court "to make rules for regulating practice, procedure, and business therein." "In prescribing such rules, the court shall have regard to the simplification of the system of pleading, practice, and procedure in the courts in which the rules shall apply in order to promote the speedy determination of litigation on the merits." R.I.G.L. § 8-6-2(b). Pursuant to Administrative Order No. 2003-4, the Presiding Justice of the Superior Court has assigned this Court to manage the pre-trial stages of the multiple causes of action that will arise from The Station fire "for the purpose of managing, supervising, scheduling and disposing of any and all pre-trial motions pertaining to such causes." "The designation of a regulation of practice and the conduct of business as an `order' rather than as a `rule' is for purposes of convenience only and shall have no other effect." Super. R.Civ.P. Rule 83. Such a rule or order is given the same force and effect as a statute. Letendre v. Rhode Island Hosp. TrustCo., 74 R.I. 276, 282, 60 A.2d 471, 474 (1948); see also Norman J. Singer, Sutherland Statutory Construction, § 36:6 at 76 (6th ed. 2001 Rev.) ("[i]f there is expressed or implied constitutional authority for the judiciary to promulgate rules of practice and procedure, then this power is regarded as `legislative' power"). "In cases of conflict between legislation and the common law, legislation will govern because it is the latest expression of the law." Singer, § 50:01 at 136.
In the present matter, Administrative Order No. 2003-4 effectively confers jurisdiction on this Court to regulate the "pleading, practice, and procedure" of any causes of action pertaining to The Station fire. A pleading is any document addressed to the court by a party or potential party requesting that an action be taken on some aspect of a case. This Court's granted authority to regulate the pleading phase of these cases empowers it to issue orders that will affect potential plaintiffs who have merely begun investigating their claims. The Administrative Order granting this authority is sufficient in authorizing this Court to exercise jurisdiction over any pleadings with respect to these cases. Furthermore, though the Petitioners have not yet alleged an injury by filing on behalf of any one of their injured clients, their responsibilities as counsel to these clients have already been exercised under the jurisdiction of this Court in anticipation of pleadings.
This Court considers the potential plaintiffs as parties to this litigation. This Court will continue to exercise jurisdiction over this litigation until it is instructed otherwise. Since the issuance of the Administrative Order conferring jurisdiction, this Court has been consistent in its endeavor to maintain the momentum of this complex litigation. Though discovery is necessary and is the next logical step, this Court finds merit in the Town's assessment that a discovery plan should be in place before proceeding with such discovery, including the depositions that are the subject of this present motion. The benefit of a discovery plan at this time in the litigation is borne out in David Herr's manual on complex litigation. Indeed, as Herr indicates, Rule 26(f) requires a meeting of counsel for the purpose of developing a discovery plan for submission to the court, and Rule 26(d) bars discovery, absent stipulation or court order, before that meeting. Herr, 21.421. Herr further instructs that in developing the discovery plan, counsel should determine that each proposed deposition will serve a useful and necessary purpose and that it will be relevant to material issues in dispute and not cumulative. Herr, 21.451. The court's authority should be exercised on the basis of the information provided by the parties bearing on the need for the proposed depositions, the subject matter to be covered, and any available alternatives. Id.
This Court is persuaded and satisfied by the Petitioners' assurances that the requested depositions are necessary at this stage and will not be cumulative. Such discovery will be permitted as soon as a pre-trial discovery plan has been memorialized either on the record or by written order. See Herr, 21.424. As soon as the discovery plan is in place, the requirements of Rule 26, including those with regard to conferring with affected parties prior to filing with this Court to resolve disputed issues of discovery, will necessarily be in full effect. Similarly, the requirements of Rule 27 regarding the perpetuation of testimony will also be in effect. The parties are reminded that this Court has broad discretion in granting or denying discovery motions. See Travelers Ins.Co. v. Hindle, 748 A.2d 256, 261 (R.I. 2000). This Court will exercise its discretion based on the reasonableness of such requested discovery.See id.
Counsel shall prepare an appropriate order for entry.